UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| IN RE: PROTON-PUMP INHIBITOR PRODUCTS LIABILITY LITIGATION (NO. II)<br><br>**This Document Relates to:**<br>*Kay Sharon Grooms v. Abbott Laboratories, et al.*<br>**Docket No.: 2:19-cv-**13834 | MDL No. 2789(CCC)(MF)<br><br>Case No.: 2:17-md-2789 |

## SECOND AMENDED SHORT FORM COMPLAINT AND JURY DEMAND

The Plaintiff(s) named below file(s) this *Second Amended Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through their undersigned counsel and as permitted by Case Management Order No. 7. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Master Long Form Complaint and Jury Demand in In re: Proton-Pump Inhibitor Products Liability Litigation*, MDL 2789, in the United States District Court for the District of New Jersey pursuant to Case Management Order No. 7.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint and Jury Demand*, where certain claims require specific pleadings and/or amendments, Plaintiffs shall add and include them herein.

### IDENTIFICATION OF PARTIES

**Identification of Plaintiff(s)**

1. Name of individual injured/deceased due to the use of PPI Product(s): <u>Kay Sharon Grooms</u>.

#9706206.4

2. Consortium Claim(s): The following individual(s) allege damages for loss of consortium: _____.

3. Survival and/or Wrongful Death Claims:

   a. Plaintiff, _____, is filing this case in a representative capacity as the _____ of the Estate of _____, deceased.

   b. Survival Claim(s): The following individual(s) allege damages for survival claims, as permitted under applicable state laws: _____
   _____.

4. As a result of using PPI Products, Plaintiff/Decedent suffered pain and suffering, emotional distress, mental anguish, and personal and economic injur(ies) that are alleged to have been caused by the use of the PPI Products identified in Paragraph 10, below, but not limited to the following:

   <u>  X  </u>   injury to himself/herself

   _____   injury to the person represented

   _____   wrongful death

   _____   survivorship action

   <u>  X  </u>   economic loss

   _____   loss of services

   _____   loss of consortium

   <u>  X  </u>   other:  <u>other injuries not yet known, discovered or identified</u>

**Identification of Defendants**

5.      Plaintiff(s)/Decedent is/are suing the following Defendant(s) (please check all that apply):

- x    Abbott Laboratories
- x    AstraZeneca Pharmaceuticals LP
- x    AstraZeneca LP
- ___  GlaxoSmithKline Consumer Healthcare Holdings (US) LLC
- x    Merck & Co. Inc. d/b/a Merck, Sharp & Dohme Corporation
- ___  Novartis Corporation
- ___  Novartis Pharmaceutical Corporation
- ___  Novartis Vaccines and Diagnostics, Inc.
- ___  Novartis Institutes for Biomedical Research, Inc.
- ___  Novartis Consumer Health, Inc.
- ___  Pfizer, Inc.
- x    The Procter & Gamble Company
- x    The Procter & Gamble Manufacturing Company
- x    Takeda Pharmaceuticals USA, Inc.
- x    Takeda Pharmaceuticals America, Inc.
- x    Takeda Development Center Americas, Inc. f/k/a Takeda Global Research & Development Center, Inc.
- x    Takeda Pharmaceutical Company Limited
- ___  Other(s) Defendant(s) (please identify): _____

_____

_____.

## JURISDICTION & VENUE

**Jurisdiction:**

6. Jurisdiction in this Short Form Complaint is based on:

    ☒ Diversity of Citizenship

    ☐ Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure).

**Venue:**

7. District Court(s) in which venue was proper where you might have otherwise filed this *Short Form Complaint* absent Case Management Order No. 7 entered by this Court and/or to where remand could be ordered: United States District Court for the District of South Carolina.

**CASE SPECIFIC FACTS**

8. Plaintiff(s) currently reside(s) in (City, State): Columbia, SC.

9. To the best of Plaintiff's knowledge, Plaintiff/Decedent used PPI Product(s) during the following time period: for various dates and years prior to and/or including the date(s) of plaintiff's injuries and/or death..

10. Plaintiff/Decedent used the following PPI Products, for which claims are being asserted:

        Dexilant

  x   Nexium

        Nexium 24HR

x    Prevacid

        Prevacid 24HR

x    Prilosec

        Prilosec OTC

        Protonix

__    Other (List All):

11. The injuries suffered by Plaintiff/Decedent as a result of the use of PPI Products include, among others that will be set forth in Plaintiff's discovery responses and medical records:

        Acute Interstitial Nephritis (AIN)

        Acute Kidney Injury (AKI)

x    Chronic Kidney Disease (CKD)

        End Stage Renal Disease (ESRD)

        Dialysis

        Death

x    Other(s) (please specify):  renal insufficiency/failure and related symptoms, RAHS, in some cases dialysis, and injuries not yet known, realized or identified..

12. At the time of the Plaintiff's/Decedent's diagnosis of injury, Plaintiff/Decedent resided in (City, State):  Columbia, SC.

**CAUSES OF ACTION**

13. Plaintiff(s), again, hereby adopt(s) and incorporate(s) by reference the *Master*

*Long Form Complaint and Jury Demand* as if fully set forth herein.

14. The following claims and allegations asserted in the Master *Long Form Complaint and Jury Demand* are herein more specifically adopted and incorporated by reference by Plaintiff(s) please check all that apply):

- ☒ Count I:  Strict Product Liability
- ☒ Count II:  Strict Product Liability – Design Defect
- ☒ Count III:  Strict Product Liability – Failure to Warn
- ☒ Count IV:  Negligence
- ☒ Count V:  Negligence *Per Se*
- ☒ Count VI:  Breach of Express Warranty
- ☒ Count VII:  Breach of Implied Warranty
- ☒ Count VIII: Negligent Misrepresentation
- ☒ Count IX:  Fraud and Fraudulent Misrepresentation
- ☒ Count X:  Fraudulent Concealment
- ☒ Count XI:  Violation of State Consumer Protection Laws of the State(s) of: <u>and throughout the United States</u>
- ☐ Count XII:  Loss of Consortium
- ☐ Count XIII:  Wrongful Death
- ☐ Count XIV:  Survival Action
- ☒ Furthermore, Plaintiff(s) assert(s) the following additional theories and/or

Causes of Action against Defendant(s) identified in Paragraph five (5) above.  If Plaintiff(s) includes additional theories of recovery, to the extent they require specificity in pleadings,

6

the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure: <u>Design Defect, Failure to Test and theories applicable under law.</u>

<u>                                                                                                                          </u>

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit and such further relief as the Court deems equitable and just, and as set forth in the *Master Long Form Complaint and Jury Demand*, as appropriate.

## JURY DEMAND

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Dated: June 14, 2019.

                                                Respectfully Submitted,

By: /s/ Jennifer M. Hoekstra
Jennifer M. Hoekstra (LA Bar No.: 31476)
Jhoekstra@awkolaw.com
Neil D. Overholtz (FL Bar 188761)
*Noverholtz@awkolaw.com*
E. Samuel Geisler (FL Bar No.: 83817)
*Sgeisler@awkolaw.com*
Nathan C. Bess (FL Bar No.: 0051945)
*Nbess@awkolaw.com*
Jennifer M. Hoekstra (LA Bar No.: 31476)
*Jhoekstra@awkolaw.com*
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502-5998
Telephone: (850) 202-1010
Fax: (850) 916-7449
***ATTORNEYS FOR PLAINTIFF***

7